1  DAVID C. CAPELL (SBN: 114691)
   DANIEL T. BALMAT (SBN 230504)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Tel:   1.415.986.5900
4  Fax:   1.415.986.8054                           *E-Filed 3/29/10*
   dbalmat@gordonrees.com
5
   Attorneys for Defendant,
6  THE PRUDENTIAL INSURANCE
   COMPANY OF AMERICA
7
8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 DONNA C. RAY,                        )  CASE NO. 09-5598 RS
                                        )
12                    Plaintiff,        )  **STIPULATION AND [PROPOSED]**
                                        )  **ORDER EXTENDING TIME FOR**
13       v.                             )  **PRUDENTIAL TO FILE SUMMARY**
                                        )  **JUDGMENT MOTION ON STATUTE**
14 THE PRUDENTIAL INSURANCE             )  **OF LIMITATIONS ISSUE TO**
   COMPANY OF AMERICA, a corporation,   )  **MAY 19,2010**
15 DOES 1 thru 30, inclusive,           )
                                        )
16                    Defendants.       )  Case Removed:      November 25, 2009
   _____)  Orig. Answer Filed:   December 2, 2009
17

18 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19       Plaintiff DONNA C. RAY ("Ray") and Defendant THE PRUDENTIAL INSURANCE

20 COMPANY OF AMERICA ("Prudential"), through their respective attorneys of record, hereby

21 stipulate to entry of the [Proposed] Order attached hereto, extending the time for Prudential to

22 file a motion for summary judgment on the issue of whether Ray's claims are barred by the

23 applicable statutes of limitations, from March 29, 2010 to May 19, 2010.

24 **I.    RECITALS**

25       WHEREAS:

26       **1.**    Ray is a former employee of the University of California.  (The "University").

27 Ray claims that she is owed long-term disability ("LTD") and other benefits under an insurance

28 policy issued by Prudential to the University. (The "Policy")

PRU/1060456/7707063v.1

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

1    **2.**      Ray first claimed LTD benefits under the Policy in or around 1992, and Prudential

2    paid Ray LTD benefits from January 1993 to January 1995.

3    **3.**      In 1995, Prudential determined that Ray's claim for LTD benefits was subject to

4    certain Policy limitations, and pursuant to these limitations, Prudential discontinued Ray's LTD

5    benefits in or around January 1995.

6    **4.**      On October 19, 2009 Ray filed the instant action in the Superior Court of the State

7    of California, County of Contra Costa.

8    **5.**      In the instant action Ray seeks to recover LTD and other benefits under the Policy

9    from January 1995 to the present.

10    **6.**      On November 25, 2009 Prudential removed the action to this Court.

11    **7.**      On March 8, 2010 the initial Case Management Conference in this action was

12    conducted by Judge Marilyn Hall Patel. (The action was re-assigned to Judge Richard Seeborg

13    on March 18, 2010.)

14    **8.**      At the Case Management Conference, Judge Patel ordered Prudential to file a

15    motion for summary judgment on the statute of limitations issue by March 29, 2010.  A copy of

16    the March 8, 2010 Minute Order is attached hereto as **Exhibit A**.

17    **9.**      At the CMC, Judge Patel recognized that Prudential might need to propound

18    limited discovery in support of its anticipated motion, and the March 29 deadline was made

19    contingent on Prudential's need for such discovery.

20    **10.**      On March 16, 2010, counsel for Prudential met and conferred with counsel for

21    Ray to discuss Prudential's need for limited discovery into the statute of limitations issue.

22    Counsel for Ray acknowledged Prudential's need for such discovery.

23    **11.**      Subsequent to this conversation, on March 16, 2010, Prudential served its limited

24    discovery, including written discovery to Ray, and a document subpoena the University.  Copies

25    of this discovery are attached hereto as **Exhibit B**.

26    **12.**      Ray's responses are not due until April 19, 2010.

27    **13.**      The University produced documents pursuant to the subpoena on March 22, 2010.

28

STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR
PRUDENTIAL TO FILE SUMMARY JUDGMENT MOTION                    CASE NO. 09-5598 RS

14.     An extension of the deadline for Prudential to file its motion for summary judgment on the statute of limitations issue is necessary for Prudential to obtain complete and comprehensive responses to the propounded discovery, and all responsive documents, and to incorporate those responses and documents into its motion for summary judgment, as Judge Patel anticipated at the CMC on March 8, 2010.

## II.     STIPULATION

Based on the foregoing recitals, the parties, through their respective attorneys of record, hereby stipulate to entry of an order as follows:

1.     The deadline for Prudential to file its motion for summary judgment on the issue whether Ray's claims are barred by the applicable statute(s) of limitations shall be extended from March 29, 2010 to May 19, 2010; and

2.     Any opposition to Prudential's motion shall be filed and served by June 2; and

3.     Any reply shall be filed and served by June 9, 2010; and

4.     Any hearing on the motion shall be set by the Court for a date and time amenable to the schedules of the parties and the Court.

DATED:  March 25, 2010

GORDON & REES LLP

/s/ Daniel T. Balmat
By_____
David C. Capell
Daniel T. Balmat
Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

DATED:  March 25, 2010

LAW OFFICES OF ROBERT K. SCOTT

/s/ Joel S. Poremba
By_____
Robert K. Scott
Joel S. Poremba
Attorneys for Plaintiff
DONNA C. RAY

3

STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR
PRUDENTIAL TO FILE SUMMARY JUDGMENT MOTION          CASE NO. 09-5598 RS

1

## [PROPOSED] ORDER

2      Having considered the Parties' Stipulation to extend the deadline for Defendant to file its

3 motion for summary judgment on the issue whether Plaintiff's claims are barred by the

4 applicable statute(s) of limitation, the Court orders the following:

5      **FOR GOOD CAUSE SHOWN, IT IS ORDERED** that the deadline for Defendant to

6 file its motion for summary judgment on the issue whether Plaintiff's claims are barred by the

7 applicable statute(s) of limitation is extended to May 19, 2010.  Any opposition to Prudential's

8 motion shall be filed and served by June 2, 2010; any reply shall be filed and served by June 9,

9 2010.  Any hearing on the motion shall be set by the Court at a future time for a date and time

10 convenient to the parties and the Court.  All other deadlines remain unaffected.

11 DATED: __ March 29, 2010 ____

12

13                                        Judge, U.S. District Court for the
                                         Northern District of California
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR
PRUDENTIAL TO FILE SUMMARY JUDGMENT MOTION                    CASE NO. 09-5598 RS

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL PRETRIAL MINUTES

Date: March 8, 2010

Case No.   C 09-5598  MHP              Judge: MARILYN H. PATEL

Title: DONNA C. RAY -v- THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Attorneys:  Plf: Robert Scott
            Dft: David Capell

Deputy Clerk:  Anthony Bowser  Court Reporter: Sahar McVickar

### PROCEEDINGS

1)  Case Management Conference _____

2) _____

3) _____

### ORDERED AFTER HEARING:

Underlying complaint dismissed; No ERISA claims; Briefing schedules as follows:

        Motions to be filed by 3/29/2010;
        Oppositions to be filed by 4/12/2010;
        Replies to be filed by 4/19/2010;
        Motion to be heard 2:00 p.m. on 5/3/2010.

# EXHIBIT B

1   DAVID C. CAPELL (SBN: 114691)
    DANIEL T. BALMAT (SBN: 230504)
2   GORDON & REES LLP
    275 Battery Street, Suite 2000
3   San Francisco, CA 94111
    Tel:   1.415.986.5900
4   Fax:   1.415.986.8054
    dbalmat@gordonrees.com
5
    Attorneys for Defendant,
6   THE PRUDENTIAL INSURANCE
    COMPANY OF AMERICA
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11  DONNA C. RAY,                        )  CASE NO. 09-5598 MHP
                                         )
12                        Plaintiff,     )  **DEFENDANT THE PRUDENTIAL**
                                         )  **INSURANCE COMPANY OF**
13          v.                           )  **AMERICA'S REQUESTS FOR**
                                         )  **PRODUCTION TO PLAINTIFF DONNA**
14  THE PRUDENTIAL INSURANCE             )  **C. RAY, SET ONE**
    COMPANY OF AMERICA, a corporation,   )
    DOES 1 thru 30, inclusive,           )
15                                       )
                                         )
16                        Defendants.    )  Case Removed:  Nov. 25, 2009
                                         )  Orig. Answer Filed: Dec. 2, 2009
17                                       )

18  ─────────────────────────────────────

19  PROPOUNDING PARTY:          THE PRUDENTIAL INSURANCE COMPANY OF
                                AMERICA
20
    RESPONDING PARTY:           DONNA C. RAY
21
    SET NO.:                    ONE (1)
22
            Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant THE

23  PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") hereby requests

24  that, within thirty (30) days hereof, plaintiff DONNA C. RAY ("RAY") produce or permit

25  inspection at Gordon & Rees LLP, 275 Battery Street, Suite 2000, San Francisco, on April 19,

26  2010 or any other reasonable time or place agreed on between the parties of the materials

27  identified herein.

28

    PRU 1060456/7669187v.1                     - 1 -

### DEFINITIONS

1.     The term "DOCUMENT" or "DOCUMENTS" means and refers to all items described in FRCP Rule 34(a)(1)(A), including but not limited to any and all electronically stored information containing those items.

2.     "PERSON" or "PERSONS" includes a natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

3.     "IDENTIFY" with respect to a DOCUMENT shall mean to provide:  the type of DOCUMENT(s), *e.g.*, letter, memo, etc., the title or name by which it is referred, the date of the DOCUMENT, the identity of its author(s) creating the DOCUMENT, the identity of all recipients of the DOCUMENT, the present location of the DOCUMENT, the name of the custodian of the DOCUMENT, and the general description of the subject matter.  "IDENTIFY" with respect to a person means to provide: the name of the person, the location at which the person was employed by YOU, the person's present location, and the subject matter of that person's knowledge of the subject of the request.

4.     "RELATING TO" means constituting, referring to, discussing, analyzing, compromising, embodying, recording, evidencing, affecting, or containing any information which pertains to a specified subject.

5.     "PRUDENTIAL" means defendant The Prudential Insurance Company of America.

6.     "YOU" and "YOUR" means plaintiff DONNA C. RAY, and YOUR present and former agents, and all other such persons acting on YOUR behalf, including attorneys and investigators.

7.     The "ACTION" means the instant action, titled *Ray v. The Prudential Insurance Company of America*, N.D. Cal. Case No. 09-5598 MHP.

### INSTRUCTIONS

If YOU claim any privilege with respect to any DOCUMENT responsive to these requests, identify the type of privilege claimed (e.g., attorney privilege), state in full the basis for the claim of privilege, identify the DOCUMENT for which a claim of privilege is made,

- 2 -

1  including the author(s), addresses(s), other recipient(s), date and subject matter thereof. If YOU

2  claim a privilege with a portion of the DOCUMENT, YOU should nonetheless produce the

3  portion of the DOCUMENT for which YOU do not claim a privilege.

4  **REQUEST FOR PRODUCTION NO. 1:**

5      ALL DOCUMENTS YOU IDENTIFIED in YOUR response to PRUDENTIAL'S First

6  Set of Special Interrogatories, Interrogatory No. 3.

7  **REQUEST FOR PRODUCTION NO. 2:**

8      ALL DOCUMENTS RELATING TO any accounts YOU IDENTIFIED in response to

9  PRUDENTIAL's First Set of Special Interrogatories, Interrogatory No. 4, including account

10  statements, deposit slips, tax records, checkbooks and cancelled checks which in any way reflect

11  payments to YOU by the University of California, PRUDENTIAL, and any employee benefit

12  plan related to either of them.

13

14  Dated: March 16, 2010                    GORDON & REES LLP

15

16                                           By: _____

17                                               David C. Capell
                                                 Daniel T. Balmat
18                                               Attorneys for Defendant
                                                 THE PRUDENTIAL INSURANCE
19                                               COMPANY OF AMERICA

20

21

22

23

24

25

26

27

28

1  DAVID C. CAPELL (SBN: 114691)
   DANIEL T. BALMAT (SBN: 230504)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Tel:   1.415.986.5900
4  Fax:   1.415.986.8054
   dbalmat@gordonrees.com
5
   Attorneys for Defendant,
6  THE PRUDENTIAL INSURANCE
   COMPANY OF AMERICA
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  DONNA C. RAY,                        )  CASE NO. 09-5598 MHP
                                         )
12                        Plaintiff,     )  **DEFENDANT THE PRUDENTIAL**
           v.                            )  **INSURANCE COMPANY OF**
13                                       )  **AMERICA'S SPECIAL**
    THE PRUDENTIAL INSURANCE             )  **INTERROGATORIES TO PLAINTIFF**
14  COMPANY OF AMERICA, a corporation,   )  **DONNA C. RAY, SET ONE**
    DOES 1 thru 30, inclusive,           )
15                                       )
                          Defendants.    )
16                                       )  Case Removed:  Nov. 25, 2009
                                         )  Orig. Answer Filed: Dec. 2, 2009
17                                       )

18  ─────────────────────────────

19  PROPOUNDING PARTY:        THE PRUDENTIAL INSURANCE COMPANY OF
                              AMERICA
20
    RESPONDING PARTY:         DONNA C. RAY
21
    SET NO.:                  ONE (1)
22
         Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant THE
23
    PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") hereby requests
24
    that, by April 19, 2010, plaintiff DONNA C. RAY ("RAY") respond to each of the following
25
    interrogatories related to the statute of limitations.
26

27

28

PRU/1060456/7668615v.1

## DEFINITIONS

1.    The term "DOCUMENT" or "DOCUMENTS" means and refers to all items described in FRCP Rule 34(a)(1)(A), including but not limited to any and all electronically stored information containing those items.

2.    "PERSON" or "PERSONS" includes a natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

3.    "IDENTIFY" with respect to a DOCUMENT shall mean to provide:  the type of DOCUMENT(s), *e.g.*, letter, memo, etc., the title or name by which it is referred, the date of the DOCUMENT, the identity of its author(s) creating the DOCUMENT, the identity of all recipients of the DOCUMENT, the present location of the DOCUMENT, the name of the custodian of the DOCUMENT, and the general description of the subject matter. "IDENTIFY" with respect to a person means to provide: the name of the person, the location at which the person was employed by YOU, the person's present location, and the subject matter of that person's knowledge of the subject of the request.

4.    "RELATING TO" means constituting, referring to, discussing, analyzing, compromising, embodying, recording, evidencing, affecting, or containing any information which pertains to a specified subject.

5.    "PRUDENTIAL" means defendant The Prudential Insurance Company of America.

6.    "YOU" and "YOUR" means plaintiff DONNA C. RAY, and YOUR present and former agents, and all other such persons acting on YOUR behalf, including attorneys and investigators.

7.    The "ACTION" means the instant action, titled *Ray v. The Prudential Insurance Company of America*, N.D. Cal. Case No. 09-5598 MHP.

## INSTRUCTIONS

If YOU claim any privilege with respect to any DOCUMENT responsive to these requests, identify the type of privilege claimed (e.g., attorney privilege), state in full the basis for the claim of privilege, identify the DOCUMENT for which a claim of privilege is made,

- 2 -

1   including the author(s), addresses(s), other recipient(s), date and subject matter thereof.  If YOU

2   claim a privilege with a portion of the DOCUMENT, YOU should nonetheless produce the

3   portion of the DOCUMENT for which YOU do not claim a privilege.

4   **SPECIAL INTERROGATORY NO. 1:**

5       If you contend that any cause of action or claim YOU have pleaded in the ACTION is not

6   barred by applicable statutory limitation periods, including but not limited to the periods set forth

7   in California Code of Civil Procedure section 337, set forth all facts that support YOUR

8   contention, as to each cause of action or claim.

9   **SPECIAL INTERROGATORY NO. 2:**

10      If you contend that any cause of action or claim YOU have pleaded in the ACTION is not

11  barred by applicable statutory limitation periods, including but not limited to the periods set forth

12  in California Code of Civil Procedure section 337, IDENTIFY any PERSON YOU believe has

13  knowledge of any fact or information to support YOUR contention, as to each cause of action or

14  claim.

15  **SPECIAL INTERROGATORY NO. 3:**

16      If you contend that that any cause of action or claim YOU have pleaded in the ACTION

17  is not barred by applicable statutory limitation periods, including but not limited to the periods

18  set forth in California Code of Civil Procedure section 337, IDENTIFY all DOCUMENTS that

19  support YOUR contention, as to each cause of action or claim.

20  **SPECIAL INTERROGATORY NO. 4:**

21      IDENTIFY all financial accounts YOU maintained at any time from 1993 to the present,

22  including but not limited to personal savings and checking accounts, and including but not

23  limited to accounts held at banks, savings and loans and credit unions. In the context of this

24  Interrogatory, "IDENTIFY" means to provide: (1) the name and address of the financial

25  institution; (2) the type of account (*e.g.*, personal checking); (3) the account number; and (4) the

26  dates the account was maintained.

27  ///

28  ///

1

Dated: March 16, 2010                          GORDON & REES LLP

2

3

                                          By: _____
4
                                               David C. Capell
5                                              Daniel T. Balmat
                                               Attorneys for Defendant
6                                              THE PRUDENTIAL INSURANCE
                                               COMPANY OF AMERICA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| Donna C. Ray | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 09-5598 MHP |
| | ) | |
| The Prudential Insurance Company of America | ) | (If the action is pending in another district, state where: |
| _____ | ) | |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    University of California
    Custodian of Records / Office of General Counsel
    1111 Franklin St., Oakland, CA 94607

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
-- See Attachment "A"--

| Place: | Date and Time: |
|---|---|
| Gordon & Rees LLP | April 1, 2010 |
| 275 Battery Street, Suite 2000 | 10:00 a.m. |
| San Francisco, CA 94111 | |

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: March 16, 2010

        *CLERK OF COURT*
                              OR

_____          _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                                 Daniel T. Balmat

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
The Prudential Insurance Company of Americ _____ , who issues or requests this subpoena, are:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Gordon & Rees LLP
Daniel T. Balmat
275 Battery Street, Suite 2000
San Francisco, CA 94111


American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

*Donna C. Ray v. The Prudential Insurance Company of America*
U.S.D.C. N.D. Cal. Case No. 09-5598 MHP

**You are commanded to produce at the time, date, and place set forth the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:**

- All materials relating to any claims for benefits by former University of California (the "University") employee Donna C. Ray ("Ray"), University Employee Number 01-0233321, SSN 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, including claims for short- or long-term disability benefits or for life insurance benefits.

- All materials relating to payments by the University or The Prudential Insurance Company of America ("Prudential") to Ray, including but not limited to salary payments, disability benefits, and retirement or pension benefits, and including but not limited to cancelled checks, tax forms, deposit slips, and electronic deposit records.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| Daniel T. Balmat, 230504<br>GORDON & REES<br>275 Battery St<br>San Francisco, CA 94111 | (415) 986-5900 | |
| ATTORNEY FOR *(Name)*   Defendant | Rel No. or File No<br>PRU 1060456 | |

| Insert name of court, judicial district or branch court if any |
|---|
| United States District Court for the Northern District of Califo<br>450 Golden Gate Avenue<br>San Francisco, CA  94102-3483 |

| PLAINTIFF: |
|---|
| Ray |

| DEFENDANT: |
|---|
| The Prudential Insurance Company of America |

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>09-5598 MHP |
|---|---|---|---|---|

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

2. Person Served (name):     University of California, Custodian of Records/Office of General Counsel, by serving David Robinson, Senior Counsel, authorized to accept service on behalf

3. Date and Time of Delivery:     3/17/2010          1:35 PM

4. Address where served:     1111 Franklin Street
Oakland, CA  94607

5. I received the above document(s) for service on (date):     3/17/2010

6. Witness Fees:     Witness fees and mileage both ways were not demanded or paid.

# BY FAX

Fee for service (including Witness Fees if paid) $:79.00

Registered California process server.
County: ALAMEDA
Registration No.: 1101

Richard Lowry
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA  94947
415-491-0606

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 3/18/2010 at Oakland, California.

Signature:  _____
Richard Lowry

OL# 6712495

Case 3:09-cv-05598-RS Document 18 Filed 03/29/10 Page 19 of 22

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).


American LegalNet, Inc.
www.FormsWorkFlow.com

# One Legal Order Receipt

## Order Number: 6712495

(Note - If you submitted multiple orders, please refer to your specific order number shown below in the "Orders" section)

Thank you for choosing One Legal LLC. If you have any questions about this order, please contact our SOP Northern Branch.
Phone: 510-835-3100
Fax: 510-873-0984

### DO *NOT* FAX THIS ORDER RECEIPT WITH YOUR DOCUMENTS
### THIS IS FOR YOUR RECORDS ONLY

**Order Detail**

|  |  |
|---|---|
| Order Type: | Serve |
| Date/Time Submitted: | 03/17/2010 11:16 AM |
| Client File #: | PRU 1060456 |
| Contact Name: | Lee Grygo |
| Attorney Name: | Daniel T. Balmat |
| Email Notification: | Contact |

**Case Information**

|  |  |
|---|---|
| Court Branch: | Northern District of California - District - San Francisco |
| Court Name: | United States District Court for the Northern District of Califo |
| Court City/ZIP: | San Francisco 94102-3483 |
| Plaintiff: | Donna C. Ray |
| Defendant: | The Prudential Insurance Company of America |
| Representing: | Defendant |
| Case No.: | 09-5598 MHP |
| Hearing Date: | |
| Hearing Time: | |
| Hearing Dept/Rm: | |

**Documents**

| Document Type | Document Name | Pages Uploaded | Pages to Fax | Total Pages |
|---|---|---|---|---|
| Subpoena | Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action | 5 | 0 | 5 |

**Special Instructions:**

**Orders:**

**Process Serving Order No.** 6712495

|  |  |
|---|---|
| Service Level: | Priority |
| Party to Serve: | University of California Custodian of Records/Office of General Counsel |
| Agent for Service: | |
| Last Day to Serve: | 03/22/2010 |

| Address Type | Bus Name | Street | Apt/Suite | City | State | Zip | Phone |
|---|---|---|---|---|---|---|---|
| Business | | 1111 Franklin Street | | Oakland | CA | 94607 | |

# ONE LEGAL LLC

CONFIRMATION For **Process Serving**



| ONE LEGAL CONFIRMATION FOR ORDER NO: | 6712495 | Date: | 3/18/2010 |
|---|---|---|---|

Customer GORDON & REES
Customer No. 0000441
Address 275 Battery St
20th Floor
San Francisco, CA 94111

Attorney Daniel T. Balmat
Attorney e-mail
Contact Lee Grygo
Contact e-mail Lqrygo@gordonrees.com
Contact Phone 415-986-5900 Ext 3258
Contact Fax 415-986-8054
Law Firm File Number PRU 1060456

---

**Case Information:**

Case Number 09-5598 MHP
County San Francisco
Court Northern District of California - District - San Francisco
Case Short Title Ray vs. The Prudential Insurance Company of America

---

| Documents Received: | No. Docs: 1 | No. Pgs: 5 |
|---|---|---|

Subpoena to Produce Documents, Information, or Objects or to Permit
Inspection of Premises in a Civil Action

Party to Serve: University of California,      Service address: 1111 Franklin Street
Custodian of Records/Office of General Counsel,   Oakland, CA 94607

## This is a Confirmation Only. Not an Invoice!

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| Service Status: Served | Priority | 79.00 |
| | Check No. | **Total:** 79.00 |

Attached is your proof of service that is ready for filing in accordance with CRC2005. If you have any questions, you encounter any problems filing this document or would like One Legal to file the proof of service for you, please contact:
SOP Northern Branch, Ph: 510-835-3100, Fx: 510-873-0984
Thank you for choosing One Legal for your process serving needs.