**\*E-Filed 11/12/10\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA C. RAY,<br><br>        Plaintiff,<br>   v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA, a corporation;<br>and DOES 1 through 25, inclusive,<br><br>        Defendants.<br>_____/ | Case No. C 09-05598 RS<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S LTD CLAIMS AND REQUESTING FURTHER BRIEFING REGARDING LIFE INSURANCE CLAIMS** |

## I. INTRODUCTION

Plaintiff Donna Ray ("Ray") filed suit in Contra Costa Superior Court against defendant Prudential Insurance Company ("Prudential") for breach of contract and breach of the covenant of good faith and fair dealing ("bad faith"). The claims relate to long-term disability ("LTD") and life insurance policies that Ray obtained through her employer. Prudential removed the action to this Court asserting federal jurisdiction based on diversity of citizenship. 28 U.S.C §§ 1332, 1441(b). The parties completed limited discovery into whether Ray's claims are barred by the statute of limitations ("SOL"). Prudential now moves for summary judgment on this basis. The Court heard oral argument on the motion on October 28, 2010. For the reasons stated below, Prudential's motion for summary judgment is granted to the extent Ray's claims rely on LTD benefits. The

parties are instructed to provide further briefing on the viability of claims, if any, based on life insurance benefits.

## II.  RELEVANT FACTS

From approximately 1979 to 1992, Ray was an employee of the University of California. Through her employer, Ray received disability and life insurance policies from Prudential. In 1992, Ray submitted a claim for temporary disability benefits and Prudential accepted the claim and began making payments. Ray, however, did not return to work and her short-term benefits were converted to LTD benefits on January 7, 1993. Prudential's LTD policy contains a two-year limit on benefits where the disability is caused, at least in part, by a mental disorder. Ray's life insurance policy required employees to pay premiums. If the employee became totally disabled while covered, however, the life insurance premiums were waived ("waiver of premiums benefit"). The life insurance waiver of premiums benefit does not have a two-year cap for mental health related disabilities. Based on her total disability, Ray therefore qualified for the life insurance waiver of premiums benefit.

Ray's initial claim for benefits cited an anxiety disorder. Thus, under the mental health limitation, her LTD benefits were subject to the two-year limit. In November 1994, Ray provided further medical records to Prudential to demonstrate that her total disability was not caused in whole or in part by any mental condition. Prudential, however, disagreed with Ray's position and terminated her LTD benefits effective January 21, 1995. The last payment was sent to Ray in February 1995. On May 8, 1995, Prudential sent Ray a letter stating that it had evaluated her recently submitted medical information, but had concluded she did not suffer from a physical condition that precluded her from working.

In the months following, Ray sought to have Prudential reconsider its decision. On May 1, 1995, Ray forwarded, through an attorney, a new medical report to Prudential. She also filed a complaint with the California Department of Insurance Claim Services Bureau (the "Bureau"). On June 14, 1995, the Bureau requested that Prudential reevaluate her claim. On June 19, 1995, Prudential informed Ray that it had reviewed the medical report sent on May 1and was affirming its

decision.  The May 8 and June 19 letters informed Ray that if she wanted Prudential to reconsider its decision, she could contact it.  Furthermore, the letters indicated that Ray could have the matter reviewed by the Bureau, if she believed her claim was wrongfully terminated.  Neither letter included any statement informing Ray of any time limit for reconsideration of her claim or for filing suit.  Finally, on July 5, 1995, Prudential informed Ray in writing that it was rejecting her request for reconsideration submitted through the Bureau.  In the July 5 letter, Ray was told that she could appeal the rejection of her claim to Prudential's Appeals Committee by contacting it in writing and including additional information for consideration.  This letter also did not state any time limit for appealing to Prudential or for filing suit.

Ray communicated with Prudential about the LTD benefits on a few occasions in the following years.  On April 28, 1996, Ray requested information on any payments she had received since December 1994 for tax purposes.  Prudential responded on May 10, 1996 and informed her that she was sent two LTD checks in January and February 1995.  In December 1997, Ray called Prudential to request an appeal of its termination decision.  Prudential informed her that the request needed to be in writing.  Ray did not file a written appeal at that time.  Meanwhile, Ray continued to receive the waiver of premiums benefit for her life insurance policy, as the mental health limitation did not apply.  To support this claim, Prudential requested periodic updates of her disabled condition, which Ray provided.

In 2008, Ray changed her status with the University of California from disability to retirement.  At that time, the University informed her that the change of status could affect any benefits she was receiving from Prudential and suggested she contact it.  When Ray contacted Prudential in 2008, she was informed that her LTD benefit terminated in 1995.  On November 10, 2008, Ray made a written request for Prudential to reopen her case.  She claimed she had been totally physically disabled since 1995 and requested retroactive LTD benefits.  In support, Ray submitted additional medical records.

Prudential agreed to look at Ray's renewed claim.  It did not expressly reserve its right to rely on the SOL.  Despite the fact that Prudential employees recognized the claim was thirteen years old, the company proceeded to review Ray's claim on the merits.  It concluded that Ray had not

been physically disabled since 1995. On May 11, 2009, Prudential sent Ray a letter informing her it was upholding its decision terminating her LTD benefits. She again was told she could appeal the decision to Prudential's Appeals Review Unit. This time, the letter stated that Ray had to submit her written appeal within 180 days. The letter also indicated she could have her claim reviewed by the California Department of Insurance.

At the same time, Prudential reviewed the medical records Ray submitted in order to determine if she continued to qualify for the waiver of premiums benefit. It determined Ray was not totally disabled from a psychological condition either. As a result, Prudential terminated Ray's waiver of premiums benefit effective April 2, 2009. On October 19, 2009, Ray filed suit against Prudential for breach of contract and for insurance bad faith.

### III.  LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party must identify factual disputes that "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Irrelevant or unnecessary factual disputes do not raise any genuine issue for trial. *Id.* To preclude entry of summary judgment, the nonmoving party must present sufficient evidence such that a jury could return a verdict in his or her favor. *Id.*

### IV.  DISCUSSION

A.  <u>LTD Benefits</u>

Prudential asserts that Ray's contract and insurance bad faith claims are barred by their respective statutory time limits. In California, the SOL is four years for breach of a written contract

and two years for bad faith claims sounding in tort.[1] *See* Cal. Code Civ. Proc. §§ 337, 339; *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998). Prudential began paying Ray LTD benefits in January 1993. It determined she was not eligible to continue receiving them after two years and sent the last LTD payment in February 1995. While Prudential considered Ray's requests for reconsideration of the termination, her claims were equitably tolled. According to Prudential, however, the tolling period ended when Prudential communicated its final rejection of her claim on July 5, 1995. Therefore, the July 1995 date corresponds to the time her breach of contract and bad faith claims accrued. As Ray filed her suit in 2009, after fourteen years had elapsed, her claims are barred by the SOL.

Ray does not dispute that California law provides the applicable statutory time limits and tolling periods. Instead, she argues that there are three triable issues related to application of the SOL to her claims: (1) whether Prudential is estopped from asserting the SOL; (2) whether Prudential has waived the SOL; and (3) whether the SOL began to run in July 1995. Because Prudential has satisfied its initial burden demonstrating that the SOL bars Ray's claims, Ray must allege specific facts to support her contention that any of these three questions present triable issues.

1.   Estoppel

Ray contends that Prudential is estopped from asserting the SOL based on its failure in 1995 to inform her of any relevant time restriction on her appeal. In particular, she points to the three 1995 letters Prudential sent on May 8, June 19, and July 5, 1995, declining to continue LTD payments. According to Ray, the failure to mention any time limits for submitting a request for reconsideration constitutes equitable estoppel. In support, Ray relies on the preamble to the Fair Claims Settlement Practices Regulations and a subsection of the regulations that imposes a duty on insurers to advise insureds of time limits. "Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." 10 C.C.R. § 2695.4(a); *see also* § 2695.1 (preamble).

---

[1]   In bad faith claims, a plaintiff may elect to proceed on a contract or tort theory. *Solomon*, 151 F.3d at 1137. In this case, Ray has not disputed Prudential's statement that the applicable limitations period for her bad faith claim is two years.

As Ray maintains, California courts have applied the doctrine of equitable estoppel to prevent insurers from enforcing contractual time limits where the insurer failed to notify the insured of a policy provision as required by subsection 2695.4. *See*, *e.g.*, *Spray, Gould & Bowers v. Associated Internat. Ins. Co.*, 71 Cal. App. 4th 1260, 1274 (1999) ("Like the commissioner's Fair Claims Settlement Practices Regulations, this decision will hopefully help to insure that valid claims will not be lost by an *unusually short* limitations period." (emphasis added)). At oral argument, counsel for Ray argued that the policy objective reflected in subsection 2695.4 of notifying claimants of time limits is equally applicable to the SOL. Ray provides no authority, however, for the proposition that insurers are equitably estopped from relying on the SOL if they fail to notify claimants of statutory time limits.

At oral argument, Ray's counsel also raised the fact that Ray's policy may have, in fact, included a 60 day limit on a request for reconsideration. None of the three 1995 letters from Prudential suggested that any time limit to request reconsideration or appeal existed. In contrast, the May 11, 2009 letter explicitly stated that any appeal must be submitted within 180 days. The critical distinction here is that Prudential has not attempted to rely on any contractual limit. Thus, the alleged failure to mention one is irrelevant. As the California Supreme Court explained: "[S]imilar conduct by the insurer after the limitation period has run—such as failing to cite the limitation provision when it denies the claim, failing to advise the insured of the existence of the limitation provision, or failing to specifically plead the time bar as a defense—cannot, as a matter of law amount to a waiver or estoppel." *Prudential-LMI Com. Insurance v. Superior Court*, 51 Cal. 3d 674, 690 n.5 (1999). In sum, Ray has not raised a triable issue that Prudential is estopped from relying on the SOL as its defense.

    2.    <u>Waiver</u>

Ray claims that Prudential waived its right to raise the SOL through its conduct related to reopening Ray's case in 2008. Waiver occurs when an insurer "intentionally relinquishes its right" to invoke a limitations provision. *Prudential-LMI*, 51 Cal. 3d at 689. Additionally, California courts have found waiver through conduct that induces a reasonable belief in others that the right has been relinquished. *See Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 33 (1995) (quoting

*Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)).  Although estoppel is generally associated with inducing another party to adopt a position, the distinction between waiver and estoppel in California has been blurred in the insurance context.  *Intel*, 952 F.2d at 1559.   Thus, instances where waiver has been found generally involve "some element of misconduct by the insurer or detrimental reliance by the insured."  *Id.*  Alternately, where there is no indication that an insurer's acts prevented the claimant from initiating suit within the limitations period, the insurer's conduct does not constitute waiver.  *See*, *e.g.*, *Stinson v. Home Ins. Co.*, 690 F. Supp. 882, 885 (N.D. Cal. 1988).

In this case, Ray does not allege facts demonstrating Prudential intentionally waived the SOL.  Instead, she claims that waiver should be found based on Prudential's conduct in response to her November 2008 request to reopen her LTD claim.  In support, Ray asserts that Prudential never told her that benefits would be unavailable because the time for considering her claim had expired. Instead, it agreed to review her claim without expressly preserving its right to rely on the SOL. Despite the fact that the claim was thirteen years old, Prudential accepted the appeal and treated it as any other.  Ultimately, Ray was informed that Prudential had analyzed her medical records and decided she was not disabled.  At that time, she again was told she could appeal the decision to Prudential's Appeals Review Unit.  According to Ray, these actions are so inconsistent with an intent to enforce the SOL as to induce a reasonable belief that Prudential has waived the defense.

At the outset, the problem with Ray's waiver argument is that all of the acts of which she complains occurred in 2008 and 2009.  As such, none of Prudential's conduct could have induced Ray to believe that it waived the SOL at a time before her claim already was barred.  In other words, a reasonable belief that the insurer has waived the SOL may prejudice an insured's position while the claim is still within the limitations period.  In this case, Ray suffered no prejudice to her legal rights through Prudential's willingness to review her claim on the merits.  Furthermore, Prudential need not expressly preserve its SOL defense in agreeing to reconsider her claim in 2008.  As a matter of law, failure specifically to plead the time bar as a defense after the SOL has run does not constitute waiver or estoppel.  *See Prudential-LMI*, 51 Cal. 3d at 690 n.5.  Under these facts, Ray has not presented a triable issue as to whether Prudential waived its SOL defense.

3.       Commencement of the SOL

Ray argues that a triable issue exists regarding when the SOL on her breach of contract and bad faith claims commenced for Prudential's denial of LTD benefits. The SOL begins to run "when a party knows or should know the facts essential to the claim." *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1257 (C.D. Cal. 2003) (citing *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1143 (1990)). Prudential contends that it issued a final rejection of Ray's LTD claim on July 5, 1995. Ray points to language in the July 5 letter stating that she has a "right to appeal [the] decision by requesting review by [Prudential's] Appeals Committee." The letter contained no time limit on the right to appeal. According to Ray, the invitation to discuss the matter further would lead a reasonable person to believe the matter was still open and therefore the SOL had not yet started to run.

In her complaint, Ray raised an argument that she "did not notice that Prudential ceased making disability benefits to her until November, 2008." She does not rely, however, on such contentions in her opposition to Prudential's motion for summary judgment. Thus, the important fact here is that Prudential stopped paying benefits to Ray in February 1995. In her complaint, Ray seeks damages for Prudential's breach of contract from 1995 to the present. Prudential acknowledges that the SOL was equitably tolled during the period where it stopped paying benefits but before it issued its final rejection in July 1995. *See*, *e.g.*, *Prudential-LMI*, 51 Cal. 3d at 693 (holding that statutory limitation was tolled from the time insured gave notice of loss until coverage was denied). Ray cites no authority for the proposition that the SOL commences only after the claimant "notices" something is wrong. Accordingly, there is no material dispute regarding the accrual time on Ray's claims.

B.     Life Insurance Waiver of Premiums

Ray obtained two insurance policies from Prudential, one for LTD and another for life insurance. During the time Prudential deemed Ray totally disabled, the requirement that she pay premiums to maintain the life insurance policy was waived. In conjunction with its 2009 review of her LTD claim, Prudential determined that Ray was no longer entitled to the life insurance waiver of premiums benefit and terminated it in April 2009. In its motion for summary judgment, Prudential

only addresses Ray's claims for LTD benefits. It contends that the LTD policy "is the only one for which Ray seeks damages." In her complaint, however, Ray asserts that Prudential breached both insurance contracts and acted in bad faith with respect to both policies. In her prayer for relief, she requests contract damages for amounts owed "under the policies," as well as additional damages arising from her bad faith claims.

In essence, Prudential contends that it is entitled to judgment on the pleadings to the extent that Ray's complaint can be read to assert claims premised on life insurance benefits, as no damages can be averred on such a claim. As this issue was joined only at oral argument, the parties are instructed to provide further briefing on the following question: whether Ray's complaint states a cognizable claim for damages for discontinuing the waiver of premiums benefits based either on breach of contract or bad faith.

## IV.  CONCLUSION

Prudential's motion for summary judgment is granted. Prudential must file its brief on the life insurance claims within three weeks of the date of this order. Ray must file her response within two weeks of Prudential's filing and Prudential may file a reply, if any, within one week thereafter. Absent a further order of the Court, the question will be decided without oral argument pursuant to Civil Local Rule 7-1(b).

IT IS SO ORDERED.

Dated:  11/12/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE